STUCKEN (GRAHAM v.). See Case No. 5,677.

## Case No. 13,558.

### STUDER v. GLENN.

[3 Cranch, C. C. 650.] [1]

Circuit Court, District of Columbia. Nov. Term, 1829.

#### APPRENTICE—INDENTURES—EXECUTION.

The father, with the consent of his son, fifteen years old, bound him to Glenn, as an apprentice. The son signed and sealed the indentures, but was not named as a party therein, nor was there any covenant on his part. The court refused to discharge him.

Mr. Hewitt had obtained a rule on the defendant, to show cause why Morris Studer should not be discharged from the service of the defendant, as an apprentice; at the return of which rule, he contended that the indentures were void, because there was no covenant on the part of the son. That the father could not bind him without his consent; and his signing and sealing the indentures, which contained no covenant on his part, was no evidence of his consent. The law of Virginia requires that he should be taught reading and writing; but, by these indentures, he is only to be taught ciphering. King v. Inhabitants of Arnesley, 3 Barn. & Ald. 584; Mary Highton's Case, 8 East, 25; Dowle's Case, 8 Johns. 328.

THE COURT (nem. con., but CRANCH. Chief Judge, doubting) refused to discharge the apprentice, he having been fifteen years old at the date of the indentures, and having signed and sealed them, although they contain no covenant on his part.